United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40862
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL CARBAJAL-ADAME; VICTOR
ARCOS-BENITEZ

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-701-2
--------------------

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

A jury convicted Raul Carbajal-Adame (Carbajal) and Victor Arcos-Benitez (Arcos) of conspiracy to possess with intent to distribute cocaine and the district court sentenced each defendant to a 121-month term of imprisonment.  Carbajal argues on appeal that the evidence is insufficient to support his conviction, while Arcos argues that the district court erred by refusing to accept Arcos's guilty plea.

Although Carbajal moved for a judgment of acquittal at the close of the Government's case-in-chief and again at the close of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the defense evidence, he did not renew the motion at the close of the Government's rebuttal evidence.  Accordingly, we review the evidence only to determine whether there has been a manifest miscarriage of justice.  United States v. Green, 293 F.3d 886, 895 (5th Cir. 2002).  Because the trial evidence supports the jury's determination that Carbajal conspired to possess cocaine with the intent to distribute it, we affirm his conviction.

Because Arcos denied any involvement with illegal drugs at his rearraignment hearing, the district court did not err by refusing to accept his guilty plea.  United States v. Cano-Guel, 167 F.3d 900, 906 (5th Cir. 1999); FED. R. CRIM. P. 11(b)(3). U.S.S.G. § 3E1.1(a)(1).  Furthermore, Arcos has failed to show that acceptance of his guilty plea after trial commenced would have made him eligible for a reduction in offense level under the advisory Sentencing Guidelines.  See U.S.S.G. §§ 3E1.1(a)(1), 5C1.2(a); United States v. Sanchez-Ruedas, 452 F.3d 409, 414 (5th Cir. 2006).  Thus, any error resulting from the court's refusal to allow Arcos to enter a guilty plea after the jury was empaneled was harmless.  See FED. R. CRIM. P. 52(a).

AFFIRMED.